**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

LAWANNA HARRIS, on behalf of herself                                                           PLAINTIFF
and all others similarly situated

v.                                         NO. 4:11CV00679 JLH

SOUTHWEST POWER POOL, INC.;
STACY DUCKETT; MALINDA SEE;
TOM DUNN; and BRIAN SMITH                                                                       DEFENDANTS

**ORDER**

Lawanna Harris has filed an application for TRO and order prohibiting contact with the class. The Court conducted an evidentiary hearing and heard argument from counsel on September 30, 2011. The facts established that in July of 2011 an issue was raised in a deposition as to whether Southwest Power Pool, Inc., was in compliance with the Fair Labor Standards Act. After that deposition, Southwest Power Pool, Inc., raised the issue with the Department of Labor, and a joint review by the Department of Labor and Southwest Power Pool was conducted. The Department of Labor sent a team of investigators to Southwest Power Pool to do an audit or review. Thereafter, Southwest Power Pool reclassified certain job positions as being eligible for overtime compensation in the future, even though Southwest Power Pool believed some of those positions are exempt from overtime. Southwest Power Pool is also going through a process of notifying employees of their potential for recovering of back wages and reaching settlements with them. This process is being supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c). Employees who choose to reach settlements with Southwest Power Pool are executing releases on forms provided by the Department of Labor. Employees are given the direct dial number of a representative of the Department of Labor to whom they can direct any questions.

The issue brought before the Court concerns an audit performed by Southwest Power Pool's outside counsel in 2006 regarding compliance with the Fair Labor Standards Act. Lawanna Harris was employed as a human resource generalist by Southwest Power Pool at that time. As a part of her job duties, she gathered information to go into parts of the audit report and furnished that information to the outside counsel. As a part of her job duties, she was permitted to see portions of the report on which she had worked. She was instructed that the audit report was confidential and that it should not be disclosed to third parties. She has complied with that order. For purposes of ruling on the pending application for TRO and for an order prohibiting class contact, the Court finds that Lawanna Harris's review of portions of the report from outside counsel in 2006 is protected by the attorney/client privilege.

The suggestion has been made that the disclosures made by Southwest Power Pool to the Department of Labor and to its employees may be misleading in light of the content of the 2006 report from outside counsel. The Court orders Southwest Power Pool, Inc., to provide the Department of Labor with a copy of plaintiff's memorandum filed today in which that issue has been raised. Because the Department of Labor has the statutory authority to supervise the process of Southwest Power Pool entering into settlements with its employees, and because the Department of Labor is exercising its statutory authority, the Court will not enter an injunction to prohibit those settlements or that contact but orders that the plaintiff's memorandum raising that issue be provided to the Department of Labor so that the Department of Labor can take the issue into account in exercising its statutory authority to supervise the process.

Harris has failed to establish a basis for entering a temporary restraining order or an order prohibiting class contact.  *See Rose v. Consolidated Elec. Distributors, Inc.*, 816 F. Supp. 489 (N.D. Ill. 1993).  That motion is denied.  Document #13.

IT IS SO ORDERED this 30th day of September, 2011.

	*/s/ J. Leon Holmes*
	_____
	J. LEON HOLMES
	UNITED STATES DISTRICT JUDGE