**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

LAWANNA HARRIS                                                    PLAINTIFF

v.                                          No. 4:11CV00679 JLH

SOUTHWEST POWER POOL, INC.;
STACY DUCKETT; MALINDA SEE;
TOM DUNN; and BRIAN SMITH                                          DEFENDANTS

## OPINION AND ORDER

The plaintiff, Lawanna Harris, brings this action against her former employer, Southwest

Power Pool, Inc., and the individual defendants for alleged violations of the Arkansas Civil Rights

Act of 1993, 42 U.S.C. § 1981 (2006), and the Fair Labor Standards Act.  Harris has filed a motion

asking the Court to conditionally certify her FLSA claim as a collective action, and requesting that

the Court stay the briefing dates for the proposed state-law class.  Southwest has responded.[1]  For

the following reasons, the Court will deny Harris' motion.

## I.

Harris was employed in Southwest's human resources department as a human resources

generalist.  She alleges that she was she was a nonexempt employee who was treated as exempt and,

consequently, unlawfully denied compensation whenever she worked in excess of forty hours per

week.  Southwest does not treat a single employee as nonexempt.  She seeks to certify a class of "all

past or present SPP employees who have been, or should have been, classified as non-exempt who

worked in the interest of SPP for more than 40 hours in a work week, yet who have not been paid

overtime within the three years preceding filing of this Complaint."  Harris contends that her claims

are typical of those of the proposed class, that she and her counsel are competent to represent the

_____

[1] Although it is unclear, Harris' language in her motion and her complaint indicates that
she asserts her FLSA collective claim against only Southwest.

class, and that she is similarly situated to the potential class members because they, like her, are nonexempt employees.  Harris alleges that Southwest "knowingly and willfully" uses an unlawful compensation system, and that this common issue of fact predominates over individual ones.

## II.

The FLSA authorizes "similarly situated" employees to proceed collectively to recover damages for violations of the FLSA's overtime and record-keeping provisions.  29 U.S.C. § 216(b) (2006).  The FLSA does not expressly define "similarly situated."  Although the Eighth Circuit has not addressed the issue, this Court and others within the Eighth Circuit have applied the two-step approach set out in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).  *See In re Pilgrim's Pride*, No. 1:07-CV-1832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing to federal courts that follow the two-step approach and adopting it); *Davis v. NovaStar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (applying the two-step approach); *Kalish v. High Tech Inst., Inc.*, No. Civ. 04-1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (applying the two-step approach); *McQuay v. Am. Int'l Group*, No. 4:01CV00661, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process").  Generally, the plaintiffs move for conditional certification at an early stage in the litigation, and a class is conditionally certified for notice purposes.  *Davis*, 408 F. Supp. 2d at 815.  Then, the defendant is allowed the opportunity to move for de-certification at the close of discovery.  *Id.*  In the first stage, or "notice stage," courts apply a lenient standard to determine whether persons similarly situated to the named plaintiffs exist and should receive notice.  *Id.*

In support of her motion for certification, Wheeler offers excerpts from two depositions from another case brought against Southwest as evidence that Southwest does not treat any of its

employees as nonexempt.  The first deponent also testified that a human resources generalist, which was Harris' position, was employed to take applications and compare them with the minimum requirements of a given job; to recruit; to determine where to go for recruitment fairs, for example, what colleges would be the best fit; to set up recruitment fairs; to compile recruitment materials; and other functions of a similar nature.  Southwest offered an affidavit from Brian Smith, the company's Human Resources Manager, who stated that most of Southwest's employees work in information technology, engineering, or other technical positions.  He also stated that Harris' position did not require any specialized computer skills, engineering skills, or other technical skills, and that there were only five persons in the human resources department, including only two in the position which Harris held, at the time she was terminated.

Although Harris need not show that her position is identical to those of the putative class members, she must still establish that it is similar.  *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996), and *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)).  Harris offers no evidence, apart from the allegations in her complaint, that her position is similar to the positions of those who would make up her proposed class.  *See Littlefield v. Dealer Warranty Servs.*, LLC, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010) ("The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations.").  Indeed, Southwest offers uncontroverted evidence that only a very few of its employees have positions similar to Harris' position; and that the majority of employees, unlike Harris, are employed in positions that require technical knowledge.

3

Additionally, Harris' allegations that Southwest had a policy of mis-classifying some of its employees, even combined with the deposition evidence that Southwest does not treat any of its employees as nonexempt, does not obviate the rule adopted by this court and others that certification is not appropriate where determining whether putative class members are nonexempt will depend on a fact-intensive inquiry into the duties performed by the different types of employees. *See*, *e.g.*, *Smith v. Frac Tech Servs., Ltd.*, No. 4:09CV679, 2009 WL 4251017 (E.D. Ark. Nov. 24, 2009) ("The plaintiffs, however, have not made a sufficient showing that the Field Engineers and Field Coordinators perform similar respective duties so that the Court can certify this case as a collective action as to them."); *Reich v. Homier Distributing Co.*, Inc., 362 F. Supp. 2d 1009, 1013-14 (N.D. Ind. 2005) ("Many other courts, both in this circuit and others, have declined to find potential class members similarly situated where liability depended on an individual determination of each employee's duties."); *Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1271 (M.D. Ala. 2004) (denying certification because the court would have to inquire as to the daily tasks of each putative collective action member to determine whether they are similarly situated); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) ("The merits of [the plaintiff's] claim will turn upon evidence relating to [the plaintiff's] day-to-day tasks, and not upon any [] company policy or decision."); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, (D. Or. 2002) (where plaintiffs held several different job titles and worked in different geographic locations, "the allegations contained in the affidavits submitted to the court suggest that each claim would require extensive consideration of the individualized issues of liability and damages"); *see also Smith v. Tradesmen Int'l, Inc.*, 289 F. Supp. 2d 1369, 1372 (S.D. Fla. 2003) (insufficient discovery to make an informed decision regarding whether employees were similarly situated).

Harris' evidence falls short of meeting even the lenient standard required at the initial stage. Because the uncontroverted evidence establishes both that Harris' position is dissimilar from the vast majority of Southwest's employees and that only a one or two other employees at Southwest perform the human resources work which Harris performed, certification is not appropriate and Harris' motion is denied with prejudice.

Harris also requests that the Court stay the briefing dates for the proposed state-law class. No motion for certification of a state-law class has been filed, nor does Harris offer any reason why the Court should certify a state-law class. Therefore, her request regarding the briefing dates for the proposed state-law class is premature, and will be denied.

For the reasons stated above, the plaintiff's motion for collective action under the FLSA is DENIED with prejudice. Her request regarding the briefing dates for the proposed state-law class is DENIED without prejudice. Document #23.

IT IS SO ORDERED this 8th day of November, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE